ADAMS-ROTH BAKING CO., PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10073.    Promulgated October 4, 1927.

An anticipated loss on a contract to purchase flour to be delivered in 1921 was properly disallowed by the Commissioner as a loss in the year 1920.

*Frederick P. Schaefer, C. P. A.,* and *Hardy S. Walters, C. P. A.,* for the petitioner.
*A. H. Murray, Esq.,* for the respondent.

In this proceeding the petitioner seeks a redetermination of its income tax for the year 1920, for which year the Commissioner has made a determination of a deficiency in the amount of $1,764.48.

The case was submitted on the pleadings and the only matter at issue is the alleged loss of $7,139 claimed as a deduction in 1920, which arose by reason of the petitioner setting up on its books the

difference between the price of flour purchased under contract and its market value at the close of the year.

## FINDINGS OF FACT.

The petitioner is a Connecticut corporation with its principal place of business at Bridgeport, where it conducts a wholesale bakery. In 1920, its gross sales were $358,523.62. Its books of account are kept, and tax returns rendered, on the accrual basis of accounting for calendar year periods. The flour used by the petitioner is practically all purchased from mills in the western part of the United States and Canada through contracts for future delivery. During the latter part of the year 1920 the petitioner entered into contracts for the purchase of a quantity of flour, deliveries of which were to extend to June 1, 1921. The admitted allegation of the petition states the conditions under which this flour was purchased as follows:

The purchase contracts referred to above provide for the purchase of a stated quantity of flour, of a definite grade described usually by a brand, at a fixed price, with deliveries to be made at a determined or determinable time, usually thirty or more days after the contract date, and payment for the goods to be made on "arrival of draft with bill of lading attached" meaning that on payment of draft for the purchase price, which draft is presented upon arrival of the goods at destination, the purchaser secures the bill of lading and thru it the legal title and possession of the goods.

At December 31, 1920, the market price of flour was less than at the dates the contracts were entered into, and in determining its net income for 1920, the petitioner deducted the amount of $7,139, which represents the difference between the purchase price of flour under contract for future delivery, $70,876.75, and its market value at the close of the year, $63,737.75. It credited the item of $7,139 on its books to an account called "Contracts Payable." The Commissioner disallowed the deduction of this amount and determined a deficiency in tax in the amount of $1,764.48.

## OPINION.

GREEN: The amount of $7,139 was not a true loss on December 31, 1920. It was nothing more than an anticipated loss. The petitioner did not have in its possession on December 31, 1920, any of the flour for which it had contracted. It had paid nothing on the contracts nor had it acquired title to any of the flour. The only liability of the petitioner would occur after January 1, 1921, when the flour would be delivered. It was then bound under the terms of the contract to accept the flour on certain specified dates and to pay for the same on the date of delivery, all of which was to occur subsequent to December 31, 1920.

11340°—28——32

A similar question was before the Board in the *Appeal of Haas Bros.*, 3 B. T. A. 113, in which case, at the close of the year, the taxpayer had outstanding contracts to purchase merchandise, which was undelivered. The taxpayer set up on its books as a loss the difference between the contract price and the market price and deducted such alleged loss upon its income-tax returns. It was there held that as title to such goods had not passed at the close of the year, such goods could not be included in inventory and no deduction could be taken.

The Board has held in the *Appeal of Ewing-Thomas Converting Co.*, 1 B. T. A. 121; *Appeal of Morrison-Ricker Manufacturing Co.*, 2 B. T. A. 1008, and *Appeal of Haas Bros.*, *supra*, that there is no provision in the law which permits the deduction of anticipated or prospective losses.

*Judgment will be entered for the respondent.*

Considered by STERNHAGEN, LANSDON, and ARUNDELL.